[No. 2926.  Decided May 31, 1898.]

SEATTLE TRUST COMPANY, *Respondent,* v. ALBERT S. KERRY *et ux., Appellants.*

FORECLOSURE OF MORTGAGE — SERIES OF NOTES — STATING CAUSE OF ACTION — REJECTION OF EVIDENCE — HARMLESS ERROR.

In an action to foreclose a mortgage securing a series of notes it is not necessary to state a separate cause for each note, but they may all be properly set forth as one cause of action.

Alleged error in the court's refusing to admit evidence as to an extension of time of payment granted by an agent was harmless, when there was no showing that the agent was authorized to bind his principal in that particular.

Appeal from Superior Court, King County.—Hon. Wm. Hickman Moore, Judge. Affirmed.

*Allen & Allen,* for appellants.

*Strudwick & Peters,* for respondent.

The opinion of the court was delivered by

Scott, C. J.—Appellants Kerry were owners of certain real estate in the city of Seattle, and they executed two mortgages thereon to the plaintiff, a corporation, the first one to secure the sum of $2,100, and the second one to secure forty-five promissory notes, each for the sum of $40, with interest. Thereafter Kerry and wife sold the real estate, the grantee assuming the payment of the mortgages. This action was brought to foreclose the subsequent mortgage, and to recover for certain insurance premiums and interest upon the prior mortgage which the plaintiff had assigned with a guaranty of payment and claimed to have made said payments thereafter. A personal judgment was asked against the appellants Kerry and also against the grantee. The grantee defaulted but Kerry and

wife appeared and resisted the suit, and have appealed from a judgment against them.

They move to strike the complaint because several causes of action were improperly united therein and not separately stated, as required by law. There is no substantial merit in this contention, at least as the case now stands. The mortgage given to secure the series of notes was properly set forth as one cause of action, and it was not necessary to state a separate cause for each of said notes; and the further claim for insurance arising from both mortgages and the claim to recover for the interest paid upon the prior mortgage were separately pleaded.

Two defenses were set up by the appellants. One was an agreement entered into between the plaintiff and the appellants at the time they sold the real estate, whereby it was claimed the plaintiff agreed to accept the grantee as its debtor and to release the appellants from all liability. The second one was that, in the event the first should not be established, the fact that the grantee agreed to pay the mortgage debts, which was known to the plaintiff, in law constituted the appellants sureties merely for the payment of said debts, and that they were released from liability in consequence of the plaintiff having thereafter granted an extension of time to their grantee.

A number of errors have been alleged with reference to the exclusion of certain testimony which the appellants sought to draw out on cross-examination of some of plaintiff's witnesses. It is unnecessary to set these matters forth in detail. The record shows that some of the evidence sought to be so introduced was obtained at a later stage of the trial and the rest of it was either immaterial or improper cross-examination, and there was no harmful error. An examination of the proof convinces us that we would not be warranted in setting aside the finding of the lower

court that there was no agreement to release the appellants, nor in contravening the failure to find that there was an extension of time to their grantee whereby they were released.

The other errors alleged are with reference to the refusal of the court to permit certain evidence bearing upon the question of the extension of time. We also regard these as immaterial, for, if it were conceded that there was an agreement upon the part of the agent who purported to act for the plaintiff to accept the appellants' grantee and release the appellants, and thereafter to extend the time to its grantee, we are yet of the opinion that judgment was properly rendered against the appellants for the reason that it did not appear that either of the agreements was made with an agent who was authorized to bind the plaintiff in the particulars mentioned. An agent might have power to collect claims due a corporation and look after certain matters of business, even in a general way, and still not have the greater power to release obligations due the principal, and there was nothing to show that any such power existed in this instance.

The real contention in this appeal is over the facts found by the court, to which the appellants excepted, but an examination of the evidence satisfies us that they were well sustained, and the decree is affirmed.

REAVIS, GORDON and DUNBAR, JJ., concur.

ANDERS, J., not sitting.